**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TIMOTHY W. RICKS, | ) | |
| | ) | |
| Plaintiff, | ) | No.00-427C |
| | ) | (Judge Williams) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

Pursuant to the Court's December 19, 2006 order, we file the attached declaration, with attachments, of Lieutenant Colonel Karen Taylor.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W.
Washington, DC 20530
Tele: (202) 305-7586
Fax: (202) 514-7969

Attorneys for Defendant

January 19, 2007

Attachment:

Declaration (with attachments) of Lt Col Taylor

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **TIMOTHY W. RICKS,** | ) | |
| | ) | |
| ***Plaintiff,*** | ) | |
| | ) | **No. 00-427C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| ***Defendant*** | ) | |

DECLARATION OF KAREN L. TAYLOR

Pursuant to 28 U.S.C. § 1746, I, Karen L. Taylor, make the following declaration on the above-cited case:

1. My name is Lieutenant Colonel ("Lt Col") Karen L. Taylor and I am an officer in the United States Air Force. I am the Deputy Chief of the Selection Board Secretariat (the "Secretariat") of the Air Force Personnel Center ("AFPC") at Randolph Air Force Base, Texas. As the Deputy Chief, I am also the Director of Operations for the Selection Board Secretariat. I have been in this position for the last two years and have over 17 years of experience in the personnel career field for the Air Force.

2. The Secretariat reports directly to the Secretary of the Air Force and is responsible for conducting all active duty central selection boards ("CSBs") for the Air Force, including, but not limited to, all promotion boards, all boards related to reductions in force or selective early retirement, special selection boards ("SSBs") conducted pursuant to 10 U.S.C. 628, and special boards conducted pursuant to 10 U.S.C. 1558. SSBs are designed to recreate the original board competition from an original central

selection board to determine if an officer would have been selected had they been properly considered.

3. In my position, I am intimately familiar with the process used to conduct boards supervised by the Secretariat, and I have participated as a non-voting member in over 60 promotion boards and over 300 SSBs. I was appointed by the Secretary of the Air Force ("SecAF"), and sworn in by the board president as a certified recorder, for both the Special Selection Lieutenant Colonel Board, CY92B, which convened at 0800 on 27 September 2005, and the Special Selection Lieutenant Colonel Board, CY93A, which convened at 0800 28 September 2005. Timothy W. Ricks was considered and not recommended for promotion by both of these boards based on the following process.

4. On the morning of 25 September 2005, the Selection Board Secretariat Staff briefed the Board President and the Board Members using the attached slides (Atch 1). The Board President then read the SecAF Memoranda of Instructions ("MOIs") verbatim to the board, and the staff provided a copy to each board member (Atch 2). The appropriate oaths were administered to board members, recorders and administrative staff. A trial run exercise was conducted to familiarize board members with the selection records and situations the board could encounter during actual scoring.

5. In preparation for these boards, we pulled the benchmark records for each board scheduled to be reconstituted from the Secretariat repository. These are the same twenty (ten from each board) benchmark records identified following the original '92 and '93 Central Selection Boards, and these are the same benchmarks used each time the Secretariat has re-convened these boards as SSBs since the original boards. In his 18 July 2006 declaration in this case, which I have reviewed, Mr. Howard Clayton swore to the

detailed procedures used to identify those benchmark records. We use the same methods today.

6. In further preparation for the board, we made a Xerox copy of Mr. Ricks' Officer Selection Record ("OSR") for use in the SSB process and "aged" the copy to appear as it should have at the time of the original boards. The copy was then arranged in alphabetical sequence along with the copies of the benchmark records to form a record pack. Board members were not informed which records were benchmarks and which were considerees'. The Secretariat staff then presented the record pack to the board members for scoring along with a ballot, including the year of the original CSB, grade, competitive category, and promotion zone.

7. The board members then scored the records using the following scoring scale:

| | |
|---|---|
| 10.0 | Absolutely superior |
| 9.5 | Outstanding |
| 9.0 | Few could be better |
| 8.5 | Strong |
| 8.0 | Slightly above average |
| 7.5 | Average |
| 7.0 | Slightly below average |
| 6.5 | Well below average |
| 6.0 | Lowest in potential |

Scoring was conducted by secret ballot. Those ballots were destroyed in accordance with our standard destruction procedures following the board. Board members were instructed to base their scores on the following:

1. The material in each officer's OSR.

2. Any information the SecAF may have provided to that board.

3. Any information communicated by letter from the officer concerning his/her own record.

8. After the board members scored the benchmark and considerees' records, the order of merit was formed. This order of merit and a "modified" selection method were used to determine the select/non-select status of Mr. Ricks.

The 19 February 2004 SecAF Memorandum of Decision (Atch 3) specifies the use of this "modified" method on SSBs where the officers claim they may have been harmed by the Equal Opportunity ("EO") language in MOIs used for promotion boards. While this method incorporates the current repository of benchmark records, it differs from the standard Air Force SSB procedures in select/non-select determination. Under this method, a consideree only needs to tie or beat one select benchmark record to be selected. The nonselect records, though not required to be beaten or tied, remain before the SSB members to calibrate their evaluation of the record as required by statute.

As a matter of reference, traditionally to become a select via the SSB process, a consideree's record must score higher than the score of every non-select benchmark record and equal to or higher than the score of any of the select benchmark records. If a consideree's score does not meet both criteria he or she is not selected.

The modified selection method was used on both boards that considered Mr. Ricks.

9. The race and gender of an officer are not reflected in his/her OSR nor are they reflected on the benchmark listings mentioned above. However, our staff used the SSANs from the benchmark records to inquire into the retired portion of the Air Forces' Military Personnel Data System and retrieved from that database the race/sex of each of the officers whose OSRs serve as benchmark records for these boards.

**CY92B, LAF, Lt Col Board, 16 November 1992**

| STATUS | GENDER | RACE |
|---|---|---|
| Select | Male | Black |
| Select | Male | White |
| Select | Male | White |
| Select | Male | Declined to Respond |
| Select | Male | White |
| Non-Select | Male | White |
| Non-Select | Female | White |
| Non-Select | Male | White |
| Non-Select | Male | White |
| Non-Select | Male | White |

**CY93A, LAF, Lt Col Board, 12 October 1993**

| STATUS | GENDER | RACE |
|---|---|---|
| Select | Male | White |
| Select | Male | White |
| Select | Female | White |
| Select | Male | White |
| Select | Male | White |
| Non-Select | Male | White |
| Non-Select | Male | White |
| Non-Select | Male | White |

| | | |
|---|---|---|
| Non-Select | Male | White |
| Non-Select | Male | White |

10. Attachments 4 and 5 are the board summaries for each board, reflecting total number of eligible officers and overall selection rates for minorities and women. The 1992B Lt Col CSB considered 9,543 officers in-, above-, and below-the-promotion zone, and the 1993A Lt Col CSB considered 10,177 officers in-, above-, and below-the-promotion zone. Almost all of these officers have now either separated or retired from active service. Locating, retrieving, and aging the nearly 19,700 officer selection records (estimated 473,280 documents) necessary to reconvene the two original boards, with 100% accuracy, would prove impossible for the Air Force.

11. In order to do this we would have to first determine if the officers are still on active duty, serving in the Guard or Reserve, separated, or retired. Based on what we find, we would then have to make the appropriate records requests to the corresponding agencies; for example, the Air Force General Officers Matters Office, Air Force Senior Officer Matters Office, Air Force Reserve Personnel Center, the National Personnel Records Center, and Air Force Personnel Center Records Groups. If we were somehow fortunate enough to get the 16,000 records, then we would need experts to review the records and “age” them to the 1992/93 time frame. This thorough “scrub” of the records would be required to remove documents that were not in the records at the time of the original board. We froze our benchmark copies, after the original boards, exactly as the board members viewed them, negating the need for the detailed “aging” process which would be required for the 16,000 records.

12. Conversely, our benchmark repository efforts are geared toward recreating the exact competition at the cut line and not toward reconvening entire 2-3 week selection boards that occurred in the past, and in this instance 15 years earlier. Since our process incorporates recreating the final cut between the selects and nonselects, not the entire 2-3 week process, the board members evaluate the records at the cut line and answer the ultimate "select or non-select question" by scrutinizing the point where the board exhausted the original quota. All records above the select benchmarks score category received higher scores, and all records below the non-select benchmarks score category received lower scores. Throughout any given year we conduct approximately 120 recreations of these original 2-3 week boards using this benchmark cut line process. It provides a way for the board members to "review the original board competition". In an attempt to estimate the cost of reconstructing these two boards I looked through past research.

13. AFPC previously conducted research into what it would cost to re-convene an entire board from the distant past--their scenario was the 1991 Majors LAF board. That board had 13,905 eligible officers. The estimated cost for recreating the records was $420,000. However, regardless of how thorough of a review conducted by the workers recreating the records, there could not be 100% accountability of all records. Additionally, using 5 panel members, serving on 6 panels, reviewing over 13,000 records for 2 weeks, the travel expenses for the board members could top $80,000. The study's estimated, overall cost would be $500,000 for the 1992 Major's board. Although the numbers for the 1992 and 1993 Lt Col Boards do not match up perfectly with the 1991 Major Board research, there is enough similar data to provide a comparison:

| **Board** | **Elig Ofrs/ Records** | **Approx Docs** | **Cost Est Records & Mbr Travel** |
|---|---|---|---|
| 91 Major | 13,905 | 250,290 | $500,000 |
| 92 Lt Col | 5,567 | 133,440 | $232,700 |
| 93 Lt Col | 10,177 | 244,248 | $430,000 |

I, Karen L. Taylor, do declare, under penalty of perjury, that the foregoing is true and correct. Executed January 19, 2007, at Randolph AFB, Texas.

/S/ Karen L. Taylor
Karen L. Taylor
Lieutenant Colonel, USAF

5 Attachments:

1. Briefing Slides
2. SecAF Memoranda of Instructions
3. 19 February 2004 SecAF Memorandum of Decision
4. CY 1992B Lt Col Board Summary
5. CY 1993A Lt Col Board Summary

# Atch 1

# Welcome
## to the



# UNITED STATES AIR FORCE
## SELECTION BOARD SECRETARIAT

## CY05C Special Selection Boards

## CY05D Chaplain Selective Continuation

26 Sep 05

**U.S. AIR FORCE**

*Integrity - Service - Excellence*

U.S. AIR FORCE

# Overview

- Briefing
- Board President remarks
- Read SECAF MOIs
- Administer oaths
- Training Session (Trial Run)
- Begin scoring records

U.S. AIR FORCE

# Authority

- Title 10 U.S.C., Chapter 36* - *Promotion, Separation, and Involuntary Retirement of Officers on the Active-Duty List*
- Title 10 U.S.C., Chapter 38 - *Joint Officer Management*
- Title 10 U.S.C., Chapter 87 - *Defense Acquisition Workforce*
- DoD Directive 1320.8 - *Continuation of Regular Commissioned Officers on Active Duty*
- DoD Directive 1320.11 - *Special Selection Boards*
- DoD Directive 1320.12* - *Commissioned Officer Promotion Program*
- DoD Directive 1400.33 - *Employment / Volunteer Work of Spouses of Military Personnel*
- DoD Instruction 1320.14* - *Commissioned Officer Promotion Program Procedures*
- DoD Instruction 6000.13 - *Medical Manpower and Personnel*
- AF Policy Directive 36-25 - *Military Promotion and Demotion*
- AF Policy Directive 36-26 - *Total Force Development*
- AF Instruction 36-2501* - *Officer Promotions and Selective Continuation*
- SECAF Memoranda of Instructions

U.S. AIR FORCE

# Board Organization

## Secretary of the Air Force

### Board President #1

[redacted] [redacted] [redacted]

### Board President #2

[redacted]

U.S. AIR FORCE

# Task

| Category | Boards | Considerees | Total Records |
|---|---|---|---|
| LAF #1 | 10 | 19 | 122 |
| CHAP | 4 | 14 | 44* |
| HP | 7 | 9 | 79 |
| LAF #2 | 10 | 43 | 148 |

U.S. AIR FORCE

# *Special Selection Boards*

## <u>Goal</u>:

- Re-create original board competition by comparing considerees' records versus benchmark records

## <u>Preparation</u>:

- Considerees' records have been corrected (if necessary) and "aged" to appear as they would have appeared on original board

U.S. AIR FORCE

# Special Selection Boards

## Benchmark Records:

- 5 selects and 5 nonselects from original board "frozen" to remain as they appeared on original board

## All Records:

- Records will not be identified as consideree(s) or benchmarks

U.S. AIR FORCE

# Reasons for Special Selection Boards

Individual was:

- Not considered due to administrative error
- Considered but not selected because:
  - Action of board was contrary to law, involved material error of fact or material administrative error
  - Board did not have before it material information

U.S. AIR FORCE

# *Special Selection Boards*

**Process:**

- SSB makes select / nonselect recommendations
- No quota
- Considerees' and benchmark records scored together
- An officer is selected if:
  - Outscores all nonselects
  - Ties or outscores at least one select
  - Considered fully qualified

U.S. AIR FORCE

# Special Selection Boards

## Results:

- If Selected:
  - Rank, pay, and entitlements (if any) are retroactive
- If Nonselected:
  - Counts as one time failure if original look
  - Does not count as failure if re-look

U.S. AIR FORCE

# Procedures

## Original Board

Selects

Select

Select

Select

Select

Quota Cut

Non-selects

Nonselect

Nonselect

Nonselect

Nonselect

U.S. AIR FORCE

# Procedures



U.S. AIR FORCE

# Procedures




*Integrity - Service - Excellence*

U.S. AIR FORCE

# Procedures




## Results

| Record | SSB Score | |
|---|---|---|
| A | 40.5 | |
| B | 40.0 | |
| Cons#1 | 39.0 | Sel |
| C | 39.0 | |
| D | 38.5 | |
| *F* | 38.5 | |
| Cons#2 | 38.0 | NSel |
| E | 38.0 | |
| *G* | 38.0 | |
| *H* | 37.0 | |
| *I* | 36.5 | |
| *J* | 36.5 | |

*Integrity - Service - Excellence*

U.S. AIR FORCE

# Designated SSBs

**Process:**

- On certain designated SSBs, the SECAF has directed that an alternate selection methodology be used
- An officer is selected if:
  - Ties or outscores at least one select
  - Considered fully qualified

U.S. AIR FORCE

# Designated SSB Procedures




## Results

| Record | SSB Score | |
|---|---|---|
| A | 40.5 | |
| B | 40.0 | |
| Cons#1 | 39.0 | Sel |
| C | 39.0 | |
| D | 38.5 | |
| *F* | 38.5 | |
| Cons#2 | 38.0 | Sel |
| E | 38.0 | |
| *G* | 38.0 | |
| *H* | 37.0 | |
| *I* | 36.5 | |
| *J* | 36.5 | |

*Integrity - Service - Excellence*

U.S. AIR FORCE

# Records / Procedures

- Selection record
- Scoring
- Training Session (Trial Run)


HEADQUARTERS
UNITED STATES AIR FORCE
SELECTION FOLDER
Doe, John
DOE, JOHN
0007483392
00001


LEFT SIDE
PROMOTION RECOMMENDATION FORM (PRF)
PERFORMANCE / EFFECTIVENESS / TRAINING REPORTS
AF FORM 77
Doe, John
5 8
8
6
8
8

**RIGHT SIDE**

**COURT- MARTIAL / ARTICLE 15 / LETTER OF REPRIMAND**

**DE OPS DEFERMENT**

**BOARD CERTIFICATION (HP only)**

**CITATIONS FOR DECORATIONS**

**AF FORM 77**

Doe, John


OFFICER SELECTION BRIEF
LETTER TO BOARD
MISSING DOCUMENT REQUEST
Doe, John

U.S. AIR FORCE

# Promotion Recommendation Form

- Senior rater fixed by policy

- Three types of PRFs
  - Normal
  - Narrative only
  - Recommendation only

- Three types of promotion recommendations
  - Definitely promote
  - Promote
  - Do not promote

U.S. AIR FORCE

# Whole Person Concept

| Factor | Evaluate |
|---|---|
| Performance | PRFs / OPRs / OERs / TRs |
| Professional Qualities | Expertise Within Specialty |
| Leadership | Command / Staff |
| Job Responsibility | Scope / Exposure |
| Depth & Breadth of Experience | Where / What / When |
| Specific Achievements | Awards / Decorations / OPRs / OERs |
| Education | Level / Utilization |

## — POTENTIAL —

*Integrity - Service - Excellence*

U.S. AIR FORCE

# Scoring Scale

| | | |
|---|---|---|
| ▪ Absolutely Superior | 10 | *Outstanding* |
| ▪ Outstanding | 9.5 | |
| ▪ Few Could Be Better | 9 | |
| ▪ Strong | 8.5 | *Above Average* |
| ▪ Slightly Above Average | 8 | |
| ▪ Average | 7.5 | *Average* |
| ▪ Slightly Below Average | 7 | *Below Average* |
| ▪ Well Below Average | 6.5 | |
| ▪ Lowest | 6 | |

U.S. AIR FORCE

# Scoring Method

- Selective Continuation Boards

**YES** (circled) NO

- Yes: Officer is Fully Qualified
- No: Officer is Not Fully Qualified

U.S. AIR FORCE

# Sample Ballot

**P0699A (2 AUG 99) LAF I/APZ**

| NAME | SCORE | SHOW CAUSE |
|---|---|---|
| ALLEN | ______ | SC |
| BATES | ______ | SC |
| BROWN | ______ | SC |
| CHAMBERS | ______ | SC |
| DAVIS | ______ | SC |
| HUGHES | ______ | SC |
| JOHNSON | ______ | SC |
| MILLER | ______ | SC |
| SIMPSON | ______ | SC |
| STERLING | ______ | SC |
| WILLIAMS | ______ | SC |

U.S. AIR FORCE

# Split Resolution Technique

- All panel members present
- All scoring stops
- Members gather around panel chief
- Panel chief reviews scores
- Discuss strengths and weaknesses in record

- All can look at record and discuss
- Only those involved in split may change score

U.S. AIR FORCE

# Training Session
## (Trial Run)

- Sample group of records
- Score individually
- Open discussion during debrief
- Set board standard

**— CONSISTENCY —**

U.S. AIR FORCE

# *Important Points*

- Frequent contact with the staff
- Expected duration
- Average daily scoring rate
- Work pace / work hours
- If any concern about a record…ask for clarification

U.S. AIR FORCE

# Rules of Engagement

- Coordinate with staff prior to open discussion
- No phone calls to gather information
- Notes remain in the board room
- Do not mark in records
- Do not remove records from your table
- Do not use the scoring scale to drive a split

U.S. AIR FORCE

# Board President

- Monitors board progress
- Ensures board focuses on SECAF MOIs
- Adheres to statutes, directives, and instructions
- Assures fair and equitable treatment
- Ensures no coercion on, or undo influence of, selection board actions
- Briefs board results to SECAF

U.S. AIR FORCE

# *Board Member Cautions*

- Never disclose board <u>proceedings</u>
  - For example, how a record scored or comments made during split resolution
- After results are released, you may cover the <u>procedures</u> and <u>process</u>

# Atch 2

SECRETARY OF THE AIR FORCE

MEMORANDUM OF INSTRUCTIONS

TO THE MEMBERS OF THE SPECIAL SELECTION BOARDS

26 SEP 2005

(FOR BOARDS BEFORE 1 JANUARY 2002)

IN ACCORDANCE WITH SECTION 628, TITLE 10, UNITED STATES CODE, YOU ARE APPOINTED AS MEMBERS OF THE SPECIAL SELECTION BOARDS CONVENING 26 SEP 2005. YOU WILL SERVE UNDER OATH AND ARE EXPECTED TO CONSIDER ALL ELIGIBLE OFFICERS WITHOUT PREJUDICE OR PARTIALITY, HAVING IN VIEW THE SPECIAL FITNESS OF THE OFFICERS UNDER CONSIDERATION AND THE EFFICIENCY AND EFFECTIVENESS OF THE UNITED STATES AIR FORCE.

THESE BOARDS ARE BEING CONVENED UNDER THE PROVISIONS OF TITLE 10, UNITED STATES CODE; DOD DIRECTIVES 1320.11, 1320.12 AND 1400.33; DOD INSTRUCTIONS 1320.14 AND 6000.13; AIR FORCE INSTRUCTION 36-2501; AND AIR FORCE POLICY DIRECTIVE 36-25 AND 36-26. THE PURPOSE OF THE BOARDS IS TO CONSIDER OFFICERS OF THE LINE (LAF), MEDICAL SERVICES CORPS (MSC), NURSE CORPS (NC), AND CHAPLAIN (CHAP) CORPS FOR PROMOTION TO THE GRADES OF MAJOR THROUGH COLONEL IN PLACE OF CENTRAL SELECTION BOARDS THAT CONVENED PRIOR TO 1 JANUARY 2002.

FOR SPECIAL SELECTION BOARDS, QUOTAS ARE NOT PROVIDED. SELECTION/NONSELECTION IS DETERMINED BY A COMPARISON OF THE

CONSIDEREE'S RECORD AGAINST THE LOWEST SCORING RECORDS OF OFFICERS SELECTED FOR PROMOTION AND THE HIGHEST SCORING RECORDS OF NONSELECTEES FROM THE ORIGINAL BOARD.

YOU MUST ACT IN THE BEST INTEREST OF THE AIR FORCE AND NOT IN THE INTEREST OF ANY PARTICULAR COMMAND, SPECIALTY, OR GROUP. WHILE YOU ARE HERE, YOU WORK DIRECTLY FOR ME. THESE BOARDS WILL BE CONDUCTED UNDER THE SUPERVISION OF THE BOARD PRESIDENT, WHO IS A NONVOTING MEMBER AND PERFORMS ADMINISTRATIVE DUTIES TO ENSURE THE BOARD IS CONDUCTED IN ACCORDANCE WITH TITLE 10, UNITED STATES CODE; DOD DIRECTIVES AND INSTRUCTIONS; AIR FORCE POLICY DIRECTIVES AND INSTRUCTIONS; AND MY GUIDANCE. THE BOARD PRESIDENT HAS NO AUTHORITY TO DETERMINE ANY MATTER THAT WOULD CONSTRAIN THE BOARD FROM RECOMMENDING FOR PROMOTION THOSE OFFICERS BEST QUALIFIED TO MEET THE NEEDS OF THE AIR FORCE.

YOU WILL USE THE WHOLE-PERSON CONCEPT TO ASSESS SUCH FACTORS AS JOB PERFORMANCE, PROFESSIONAL QUALITIES, LEADERSHIP, DEPTH AND BREADTH OF EXPERIENCE, JOB RESPONSIBILITY, ACADEMIC AND PROFESSIONAL MILITARY EDUCATION (PME), AND SPECIFIC ACHIEVEMENTS. THE OVERRIDING FACTOR MUST BE JOB PERFORMANCE.

YOU MAY BE CONSIDERING OFFICERS RECALLED TO EXTENDED ACTIVE DUTY. SOME RECALLEES HAVE HAD LENGTHY BREAKS IN SERVICE FOR WHICH LITTLE OR NO DOCUMENTATION IS AVAILABLE. THEY WERE RECALLED TO MEET AIR FORCE NEEDS, AND THEY SHOULD NOT BE PENALIZED BECAUSE OF THEIR BREAK IN SERVICE. THE SAME APPLIES TO

OTHER OFFICERS WHO MAY NOT HAVE HAD AS MUCH PERFORMANCE DOCUMENTATION IN THEIR FOLDERS AS DO MOST OF THEIR CONTEMPORARIES.

SELECTION FOLDERS YOU REVIEW MAY INCLUDE OERS RENDERED FROM 1975 THROUGH 1978 WITH A CONTROLLED EVALUATION OF PROMOTION POTENTIAL BY THE REVIEWER. ALTHOUGH MANY OF YOU MAY HAVE PREPARED CONTROLLED OERS, THIS MAY BE YOUR FIRST OPPORTUNITY TO USE THEM IN THE SELECTION PROCESS. REMEMBER, THEY WERE PREPARED UNDER RULES WHICH REQUIRED REVIEWERS THROUGHOUT THE AIR FORCE TO APPLY RATING CONTROLS CONSISTENTLY WITHIN EACH REVIEW GROUP. THIS SINGLE CONTROL CURVE WAS APPLIED WITHOUT REGARD TO QUALITATIVE DIFFERENCES BETWEEN REVIEW GROUPS, THE RATEE'S JOB, UNIT OF ASSIGNMENT, OR LEVEL OF RESPONSIBILITY. ADDITIONALLY, THESE CONTROLLED RATINGS REPRESENTED THE REVIEWER'S ASSESSMENT OF THE INDIVIDUAL'S POTENTIAL RELATIVE ONLY TO OTHERS IN THE SAME GRADE IN THAT REVIEW GROUP DURING THE RATING PERIOD INVOLVED. YOU MUST THOROUGHLY AND OBJECTIVELY ASSESS EACH OF THESE RATINGS WITHIN THE CONTEXT OF THE RULES UNDER WHICH THEY WERE RENDERED AND CAREFULLY CONSIDER THEM IN RELATION TO OTHER OERS AND INFORMATION IN THE SELECTION FOLDER. IN SUMMARY, THE CONTROLLED REPORTS CONSTITUTE ONLY A SMALL PART OF THE OFFICER'S ENTIRE RECORD SO THEY SHOULD NOT NEGATE OR DIMINISH THE IMPORTANCE OF THE OTHER INFORMATION.

COMPLETION OF ADVANCED ACADEMIC EDUCATION AND PME, LIKE OTHER WHOLE PERSON FACTORS, MUST BE ASSESSED IN TERMS OF HOW THEY ENHANCE PERFORMANCE AND POTENTIAL. DO NOT CONSIDER COMPLETION OF AN ADVANCED DEGREE OR PME AS A PASS-FAIL REQUIREMENT. BECAUSE OF THE NEEDS OF THE AIR FORCE, NOT ALL OFFICERS HAVE HAD THE SAME OPPORTUNITY TO ENROLL IN OR COMPLETE ADVANCED DEGREE PROGRAMS OR PME, PARTICULARLY THOSE OFFICERS WITH EXTENSIVE TDY COMMITMENTS AND/OR EXTENSIVE HOME-BASED MISSION REQUIREMENTS.

FOR LAF MAJOR BOARDS AFTER 1 MAR 1996: COMPLETION OF ADVANCED ACADEMIC EDUCATION IS NOT INCLUDED ON THE OFFICER SELECTION BRIEF. HOWEVER, ADVANCED ACADEMIC EDUCATION DATA MAY BE INCLUDED IN OTHER DOCUMENTS IN AN OFFICER'S RECORD, SUCH AS TRAINING REPORTS THAT REFLECT FULL TIME ASSIGNMENTS SUCH AS TO AFIT. THIS INFORMATION SHOULD BE TAKEN IN CONTEXT AND NOT BE GIVEN DISPROPORTIONATE WEIGHT.

IN ADDITION, YOU SHOULD TAKE CARE NOT TO PLACE UNDUE WEIGHT ON THE FACT THAT SOME MSC AND NC OFFICERS MAY NOT HAVE COMPLETED PROFESSIONAL MILITARY EDUCATION BECAUSE THEY ARE EITHER ENROLLED IN OR HAVE RECENTLY COMPLETED FORMAL MEDICAL EDUCATION.

FOR LAF LIEUTENANT COLONEL AND COLONEL BOARDS HELD BETWEEN 1 JULY 1996 AND 1 JANUARY 1998: MANY QUALIFIED NAVIGATORS, BECAUSE OF THEIR SPECIAL BACKGROUND AND SKILLS, HAVE BEEN ASSIGNED TO FILL CRITICAL OPERATIONAL REQUIREMENTS IN UNIT-LEVEL FLYING JOBS. IN ASSESSING THEIR RECORDS, THE BOARD SHOULD CONSIDER THE FACT

THAT THESE OFFICERS, BECAUSE OF THE NEEDS OF THE AIR FORCE, MAY NOT HAVE HAD THE OPPORTUNITY TO COMPETE FOR CAREER-DEVELOPMENT ASSIGNMENTS COMMENSURATE WITH THEIR GRADE AND EXPERIENCE, OR MAY HAVE BEEN REASSIGNED TO A UNIT-LEVEL POSITION THAT WOULD NOT NORMALLY BE COMMENSURATE WITH THEIR GRADE AND EXPERIENCE.

FOR LAF LIEUTENANT COLONEL AND COLONEL BOARDS HELD AFTER 1 JANUARY 1998: MANY QUALIFIED PILOTS AND NAVIGATORS, BECAUSE OF THEIR SPECIAL BACKGROUND AND SKILLS, HAVE BEEN ASSIGNED TO FILL CRITICAL OPERATIONAL REQUIREMENTS IN UNIT-LEVEL FLYING JOBS. IN ASSESSING THEIR RECORDS, THE BOARD SHOULD CONSIDER THE FACT THAT THESE OFFICERS, BECAUSE OF THE NEEDS OF THE AIR FORCE, MAY NOT HAVE HAD THE OPPORTUNITY TO COMPETE FOR CAREER-DEVELOPMENT ASSIGNMENTS COMMENSURATE WITH THEIR GRADE AND EXPERIENCE, OR MAY HAVE BEEN REASSIGNED TO A UNIT-LEVEL POSITION THAT WOULD NOT NORMALLY BE COMMENSURATE WITH THEIR GRADE AND EXPERIENCE.

FOR BOARDS HELD BETWEEN 1 JANUARY 1987 AND 31 DECEMBER 2001: FOR THE LAF COMPETITIVE CATEGORY, JOINT DUTY EXPERIENCE IS AN EXTREMELY IMPORTANT CONSIDERATION FOR PROMOTION. THE LAW REQUIRES THAT THE QUALIFICATIONS OF OFFICERS ASSIGNED TO JOINT DUTY BE SUCH THAT THEY ARE EXPECTED, AS A GROUP, TO BE PROMOTED AT A RATE NOT LESS THAN THE RATE FOR ALL AIR FORCE OFFICERS IN THE SAME GRADE AND COMPETITIVE CATEGORY. IT IS IMPORTANT THAT THESE THREE STATUTORY OBJECTIVES BE MET:

(1) OFFICERS WHO ARE SERVING ON, OR HAVE SERVED ON, THE JOINT STAFF ARE EXPECTED TO BE PROMOTED AT A RATE NOT LESS THAN THE RATE FOR OFFICERS WHO ARE SERVING ON, OR HAVE SERVED ON, THE SERVICE HEADQUARTERS STAFF;

(2) JOINT SPECIALTY OFFICERS ARE EXPECTED TO BE PROMOTED AT A RATE NOT LESS THAN THE RATE FOR OFFICERS WHO ARE SERVING ON, OR HAVE SERVED ON, THE SERVICE HEADQUARTERS STAFF; AND

(3) OFFICERS WHO ARE SERVING IN, OR HAVE SERVED IN, OTHER JOINT DUTY ASSIGNMENTS, ARE EXPECTED TO BE PROMOTED AT A RATE NOT LESS THAN THE AIR FORCE AVERAGE RATE.

YOU WILL BE SCORING THE RECORDS OF HIGHLY SPECIALIZED OFFICERS WHO, BECAUSE OF MISSION REQUIREMENTS, MAY HAVE A NARROW RANGE OF DUTIES WHEN COMPARED TO OTHERS WHO HAVE A BROADER RANGE OF EXPERIENCE. THE AIR FORCE NEEDS OFFICERS WHO ARE HIGHLY SPECIALIZED AS WELL AS OFFICERS WHO ARE GENERALIZED.

YOU WILL CONSIDER THE RECORDS OF SOME MSC AND NC OFFICERS WHO HAVE EITHER RECENTLY COMPLETED, OR ARE CURRENTLY ENROLLED IN SPONSORED GRADUATE EDUCATION PROGRAMS. MSC AND NC OFFICERS ARE SELECTED FOR GRADUATE EDUCATION PROGRAMS THROUGH A COMPETITIVE SELECTION PROCESS IN WHICH PROFESSIONAL EDUCATION AND EXPERIENCE ARE CAREFULLY EVALUATED. THEY ARE SELECTED FOR THESE PROGRAMS BECAUSE THE AIR FORCE HAS A SPECIFIC REQUIREMENT FOR THE EXPERTISE, WHICH THESE PROGRAMS IMPART. YOU SHOULD TAKE CARE NOT

TO PLACE UNDUE WEIGHT ON THE FACT THAT THESE OFFICERS HAVE MULTIPLE TRAINING REPORTS AND/OR FEW OPRS.

THIS PARAGRAPH APPLIES TO MSC AND NC BOARDS HELD AFTER 1 OCTOBER 2001: YOU SHOULD TAKE CARE NOT TO PLACE UNDUE WEIGHT ON THE FACT THAT SOME MSC AND NC OFFICERS HAVE SHORT ACTIVE DUTY HISTORIES BECAUSE THEY ENTERED ACTIVE DUTY WITH CONSTRUCTIVE CREDIT FOR EDUCATION AND/OR CIVILIAN EXPERIENCE.

THE FOLLOWING PARAGRAPH APPLIES ONLY TO LAF LIEUTENANT COLONEL AND COLONEL BOARDS: GIVE CAREFUL CONSIDERATION TO OFFICERS WHO ARE IN THE ACQUISITION CORPS. THE LAW REQUIRES THAT THE QUALIFICATIONS OF OFFICERS ASSIGNED TO THESE DUTIES BE SUCH THAT THOSE OFFICERS ARE EXPECTED, AS A GROUP, TO BE PROMOTED AT A RATE NOT LESS THAN THE AIR FORCE AVERAGE RATE BOTH IN-THE-PROMOTION ZONE AND BELOW-THE-PROMOTION ZONE.

WHEN YOU SEE REPORTS FROM JOINT ACTIVITIES OR FROM ACTIVITIES OUTSIDE OR WITHIN THE AIR FORCE THAT WERE WRITTEN BY SUPERVISORS FROM ANOTHER SERVICE OR BY A CIVILIAN, GIVE THEM THE SAME WEIGHT AS YOU WOULD GIVE IF AN AIR FORCE OFFICER HAD WRITTEN THEM.

FOR OFFICERS IN THE MSC AND NC COMPETITIVE CATEGORIES WHO ARE COMPETING FOR PROMOTION TO THE GRADE OF MAJOR THROUGH LIEUTENANT COLONEL, YOU MUST GIVE CONSIDERATION TO EACH OFFICER'S CLINICAL PROFICIENCY AND SKILL AS A HEALTH PROFESSIONAL TO AT LEAST AS GREAT AN EXTENT AS YOU GIVE TO THAT OFFICER'S

ADMINISTRATIVE AND MANAGEMENT SKILLS. TO MEET THE AIR FORCE'S NEED FOR CLINICALLY PROFICIENT HEALTH PROFESSIONALS, YOU SHOULD GIVE GREATER WEIGHT TO THESE OFFICERS' MEDICAL SKILLS THAN TO OTHER SKILLS.

EQUAL OPPORTUNITY IS AN ESSENTIAL ELEMENT OF OUR SELECTION SYSTEM. YOUR EVALUATION OF ALL OFFICERS MUST CLEARLY AFFORD THEM FAIR AND EQUITABLE CONSIDERATION. PREFERENTIAL TREATMENT OF ANY OFFICER OR GROUP OF OFFICERS IS NOT PERMITTED.

YOU ARE PROHIBITED FROM CONSIDERING AN OFFICER'S MARITAL STATUS OR THE EMPLOYMENT, EDUCATIONAL, OR VOLUNTEER SERVICE ACTIVITIES OF AN OFFICER'S SPOUSE. IF YOU SEE SUCH INFORMATION IN THE RECORDS YOU REVIEW, YOU WILL DISREGARD IT.

GIVE NO WEIGHT, WHATSOEVER, TO AN OFFICER'S AGE.

YOU MAY ALSO SEE PERFORMANCE REPORTS DOCUMENTING THE ACHIEVEMENTS OF OFFICERS INVOLVED IN IMPLEMENTING THE 1989 DEFENSE MANAGEMENT REPORT TO THE PRESIDENT. GIVE SPECIFIC CONSIDERATION TO THESE ACHIEVEMENTS.

YOU MAY SEE THE RECORDS OF OFFICERS WITH NO ENTRY IN THE OFFICER SELECTION BRIEF (OSB) UNDER DATE OF SEPARATION (DOS) OR DOS REASON. THESE OFFICERS HAD, PRIOR TO THE INCEPTION OF STOP LOSS, VOLUNTARILY APPLIED FOR AND RECEIVED APPROVAL TO SEPARATE OR RETIRE. HOWEVER, UNDER THE PROVISIONS OF STOP LOSS, THEY HAVE BEEN RETAINED ON ACTIVE DUTY INDEFINITELY AND ARE ELIGIBLE FOR PROMOTION CONSIDERATION.

IN YOUR FINAL REPORT, YOU MUST IDENTIFY ANY OFFICERS WHOSE RECORDS, IN YOUR OPINION, INDICATE THAT IT MAY BE APPROPRIATE FOR COMMANDERS TO REQUIRE THEM TO SHOW CAUSE FOR RETENTION ON ACTIVE DUTY.

EACH OF YOU (THE PRESIDENT, MEMBERS, RECORDERS, AND ADMINISTRATIVE SUPPORT PERSONNEL) IS RESPONSIBLE TO MAINTAIN THE INTEGRITY AND INDEPENDENCE OF THIS SELECTION BOARD, AND TO FOSTER THE CAREFUL CONSIDERATION, WITHOUT PREJUDICE OR PARTIALITY, OF ALL ELIGIBLE OFFICERS. DOD INSTRUCTION 1320.14 PROVIDES SPECIFIC RULES GOVERNING THE CONDUCT OF OFFICER SELECTION BOARDS AND THE ACTIONS OF SELECTION BOARD PERSONNEL.

YOU MUST PAY PARTICULARLY CLOSE ATTENTION TO THE RULES GOVERNING COMMUNICATIONS WITH AND AMONG OTHER BOARD MEMBERS, THE INFORMATION AUTHORIZED TO BE FURNISHED TO YOU, AND THE PROCEDURES YOU SHOULD FOLLOW IF YOU BELIEVE THAT THE INTEGRITY OF THIS SELECTION BOARD HAS BEEN IMPROPERLY AFFECTED.

YOU MAY NOT RECEIVE, INITIATE, OR PARTICIPATE IN COMMUNICATIONS OR DISCUSSIONS INVOLVING INFORMATION THAT DOD INSTRUCTION 1320.14 PRECLUDES FROM CONSIDERATION BY A SELECTION BOARD. YOU ARE TO BASE YOUR RECOMMENDATIONS ON THE MATERIAL IN EACH OFFICER'S MILITARY RECORD, ANY INFORMATION I HAVE PROVIDED TO THE BOARD IN ACCORDANCE WITH DOD INSTRUCTION 1320.14, AND ANY INFORMATION ABOUT HIS OR HER OWN RECORD COMMUNICATED TO YOU BY INDIVIDUAL ELIGIBLE OFFICERS UNDER DIRECTIVES AND INSTRUCTIONS I

HAVE ISSUED. IN YOUR DELIBERATIONS, YOU MAY DISCUSS YOUR OWN PERSONAL KNOWLEDGE AND EVALUATION OF THE PROFESSIONAL QUALIFICATIONS OF ELIGIBLE OFFICERS TO THE EXTENT THAT SUCH MATTERS ARE NOT PRECLUDED IN LAW, DOD INSTRUCTION 1320.14, OR AN AIR FORCE DIRECTIVE OR INSTRUCTION FROM CONSIDERATION BY A SELECTION BOARD OR INCLUSION IN AN OFFICER'S MILITARY PERSONNEL RECORD. YOU MAY NOT DISCUSS OR DISCLOSE THE OPINION OF ANY PERSON NOT A MEMBER OF THE BOARD CONCERNING AN OFFICER BEING CONSIDERED UNLESS THAT OPINION IS CONTAINED IN MATERIAL PROVIDED TO THE BOARD UNDER THE PROVISIONS OF DOD INSTRUCTION 1320.14.

I AM THE ONLY PERSON WHO MAY APPEAR IN PERSON TO ADDRESS YOU ON ANY MATTER. ALL COMMUNICATIONS WITH THIS BOARD, OTHER THAN THOSE THAT ARE CLEARLY ADMINISTRATIVE, MUST BE IN WRITING, GIVEN TO EACH OF YOU, AND MADE PART OF THE BOARD'S RECORD. I HAVE DESIGNATED IN WRITING THOSE PERSONS AUTHORIZED TO PROVIDE ROUTINE ADMINISTRATIVE INFORMATION TO YOU.

BEFORE THE REPORT OF THE SELECTION BOARD IS SIGNED, THE RECOMMENDATIONS MAY BE DISCLOSED ONLY TO MEMBERS OF THE BOARD, RECORDERS, AND THOSE ADMINISTRATIVE SUPPORT PERSONNEL I HAVE DESIGNATED IN WRITING. AFTER YOU SIGN THE BOARD REPORT, ONLY THE RECOMMENDATIONS OF THE BOARD MAY BE DISCLOSED. EXCEPT AS AUTHORIZED BY DOD INSTRUCTION 1320.14 AND SECTION 616(E) OF TITLE 10, UNITED STATES CODE, THE PROCEEDINGS OF THE BOARD MAY NOT BE DISCLOSED TO ANY PERSON NOT A BOARD MEMBER OR A BOARD RECORDER.

IF AT ANYTIME YOU BELIEVE THAT YOU CANNOT IN GOOD CONSCIENCE PERFORM YOUR DUTIES AS A MEMBER OF THE BOARD WITHOUT PREJUDICE OR PARTIALITY, YOU HAVE A DUTY TO REQUEST RELIEF BY ME FROM THIS DUTY. I WILL HONOR ANY SUCH REQUEST. IF YOU BELIEVE THAT THE INTEGRITY OF THE BOARD'S PROCEEDINGS HAS BEEN AFFECTED BY IMPROPER INFLUENCE OF MILITARY OR CIVILIAN AUTHORITY, MISCONDUCT BY THE BOARD PRESIDENT OR A MEMBER, OR ANY OTHER REASON, YOU HAVE A DUTY TO REQUEST FROM ME OR THE SECRETARY OF DEFENSE RELIEF FROM YOUR OBLIGATION NOT TO DISCLOSE BOARD PROCEEDINGS AND, UPON RECEIVING IT, TO REPORT THE BASIS FOR YOUR BELIEF.

UPON THE COMPLETION OF BOARD DELIBERATIONS, YOU WILL, AS A MINIMUM, CERTIFY IN YOUR REPORT TO ME THAT:

(1) TO THE BEST OF YOUR KNOWLEDGE, THE BOARD COMPLIED WITH DOD INSTRUCTION 1320.14;

(2) YOU WERE NOT SUBJECT TO OR AWARE OF ANY CENSURE, REPRIMAND, OR ADMONISHMENT ABOUT THE RECOMMENDATIONS OF THE BOARD OR THE EXERCISE OF ANY LAWFUL FUNCTION WITHIN THE AUTHORIZED DISCRETION OF THE BOARD;

(3) YOU WERE NOT SUBJECT TO OR AWARE OF ANY ATTEMPT TO COERCE OR INFLUENCE IMPROPERLY ANY ACTION IN THE FORMULATION OF THE BOARD'S RECOMMENDATIONS;

(4) YOU WERE NOT PARTY TO OR AWARE OF ANY ATTEMPT AT UNAUTHORIZED COMMUNICATIONS;

(5) TO THE BEST OF YOUR KNOWLEDGE, THE BOARD CAREFULLY CONSIDERED THE RECORDS OF EACH OFFICER WHOSE NAME WAS FURNISHED TO THE BOARD;

(6) THE OFFICERS RECOMMENDED FOR PROMOTION ARE, IN THE OPINION OF THE MAJORITY OF THE MEMBERS OF THE BOARD, FULLY QUALIFIED AND BEST QUALIFIED TO MEET THE NEEDS OF THE AIR FORCE AMONG THOSE OFFICERS WHOSE NAMES WERE FURNISHED TO THE BOARD.

# Atch 3

MEMORANDUM OF DECISION
(Harmless Error Procedure for EO Clause-Related Cases)

This memorandum sets forth the procedures the United States Air Force will use to determine which members may have been harmed by the equal opportunity (EO) clause contained in the Memorandum of Instructions (MOI) used in various Air Force selection boards held between January 1990 and June 1998. It does not apply to members who are covered under *Alvin, Berkley* and *Christensen* litigation. Establishing a procedure to determine which members may have been harmed by the EO clause is a matter that lies preliminarily within the Secretary's informed discretion. As a matter of my sound discretion, I hereby approve the following procedure to be used to determine what, if any, harm a member may have suffered because of the EO clause, whenever the Air Force Board for the Correction of Military Records (AFBCMR) determines that an error or injustice related to the EO clause entitles a member to a special selection board or a special board.

When determined appropriate by the AFBCMR to correct an error or injustice related to the EO clause used between January 1990 and June 1998, or when otherwise directed by the Secretary of the Air Force, the Air Force will conduct a special selection board or special board (as appropriate) to determine if the member was harmed as a result of the EO clause. These boards will be composed and instructed similarly to the original board but use the current Air Force EO clause for selection boards instead of the original EO clause. Each board will use the existing benchmark records, but use a modified selection method by which the member's record need only tie or beat one "select" (successful) benchmark record to be considered selected. The nonselect records will remain before the board for the members for comparison as is required by statute, but are not required to be beaten so as to preclude the effect of any possible taint that may be associated with them. Because of the method in which select benchmark records are identified, it is highly improbable that this theoretical taint extended to every select benchmark record, thus only requiring the record to tie or beat one of the select benchmark records (eliminating the usual requirement that the record beat all "non-select" benchmark records) is a reasonable prerequisite for a record to be considered as selected.

Further, as this process is expected to result in a considerably higher select rate than usual special selection board and special board procedures, any conceivable, theoretical adverse effect that could be related to the use of the original bench marks will necessarily be offset by the considerable benefit afforded to each record considered under this procedure.

FEB 19 2004

# Atch 4

# CENTRAL LIEUTENANT COLONEL BOARD

CY92B

16 NOVEMBER 1992

FOR OFFICIAL USE ONLY

# INDEX


| PAGE | |
|---|---|
| 1 | ELIGIBILITY CRITERIA |
| 2 | QUOTA COMPUTATIONS |
| 3 | BOARD RESULTS (OVERALL) |


FOR OFFICIAL USE ONLY

ELIGIBILITY CRITERIA

DATE OF SEPARATION 14 FEB 93 OR LATER

EXTENDED ACTIVE DUTY DATE OF 16 MAY 92 OR EARLIER

LINE AND MEDICAL SERVICE CORPS (MSC)
IN-THE-PROMOTION ZONE (IPZ)

DATE OF RANK OF 1 APR 88 THROUGH 31 DEC 88

ABOVE-THE-PROMOTION ZONE (APZ)

DATE OF RANK 31 MAR 88 OR EARLIER

BELOW-THE-PROMOTION ZONE (BPZ)

LINE - DATE OF RANK 1 JAN 89 THROUGH 31 OCT 91

MSC - DATE OF RANK 1 JAN 89 THROUGH 31 JAN 92

CHAPLAIN AND JUDGE ADVOCATE (JAG)
IN-THE-PROMOTION ZONE (IPZ)

DATE OF RANK OF 1 APR 87 THROUGH 31 MAR 88

ABOVE-THE-PROMOTION ZONE (APZ)

DATE OF RANK OF 31 MAR 87 OR EARLIER

BELOW-THE-PROMOTION ZONE (BPZ)

CHAPLAIN - DATE OF RANK 1 APR 88 THROUGH 31 JAN 90

JAG - DATE OF RANK 1 APR 88 THROUGH 30 SEP 90



FOR OFFICIAL USE ONLY

## BOARD SUMMARY

## QUOTA COMPUTATION

| | IN-/ABOVE-THE-PROMOTION ZONE (IPZ/APZ) | | | BELOW-THE-PROMOTION ZONE (BPZ) |
|---|---|---|---|---|
| COMPETITIVE CATEGORY | IPZ | % OPPORTUNITY* | TOTAL BOARD QUOTA | MAX CEILING** |
| LINE | 1887 | 70 | 1321 | 99 |
| CHAPLAIN | 46 | 60 | 28 | 2 |
| JUDGE ADVOCATE | 40 | 80 | 32 | 2 |
| MEDICAL SERVICE | 31 | 80 | 25 | 2 |
| TOTAL | 2004 | | 1406 | 105 |

* ESTABLISHED BY POLICY BASED ON CURRENT/PROJECTED FORCE REQUIREMENTS.

** 7.5% OF THE TOTAL BOARD QUOTA AT THE EXPENSE OF IN- AND ABOVE-THE-PROMOTION ZONE.



FOR OFFICIAL USE ONLY

## BOARD RESULTS (OVERALL)

| COMPETITIVE CATEGORY | IPZ CONS | IPZ SEL | IPZ % SEL | APZ CONS | APZ SEL | APZ % SEL | BPZ CONS | BPZ SEL | BPZ % SEL |
|---|---|---|---|---|---|---|---|---|---|
| LINE | 1887 | 1196 | 63 | 1796 | 27 | 2 | 5860 | 98 | 2 |
| CHAPLAIN | 46 | 25 | 54 | 44 | 2 | 5 | 68 | 1 | 1 |
| JUDGE ADVOCATE | 40 | 28 | 70 | 41 | 3 | 7 | 105 | 1 | 1 |
| MEDICAL SERVICE | 31 | 17 | 55 | 23 | 6 | 26 | 128 | 2 | 2 |
| TOTAL | 2004 | 1266 | 63 | 1904 | 38 | 2 | 6161 | 102 | 2 |

* ELECTED NOT TO USE THE FULL BELOW-THE-PROMOTION ZONE QUOTA BASED ON A QUALITY ASSESSMENT.



FOR OFFICIAL USE ONLY

SUMMARY (LINE ONLY)

AERONAUTICAL RATING

| AERONAUTICAL RATING | IPZ CONS | IPZ SEL | IPZ % SEL | APZ CONS | APZ SEL | APZ % SEL | BPZ CONS | BPZ SEL | BPZ % SEL |
|---|---|---|---|---|---|---|---|---|---|
| OPERATIONS | 897 | 595 | 66 | 1177 | 16 | 1 | 2284 | 67 | 3 |
| Pilot | 452 | 325 | 72 | 535 | 5 | 1 | 1014 | 57 | 6 |
| Navigator | 228 | 142 | 62 | 491 | 7 | 1 | 671 | 4 | 1 |
| Nonrated Ops | 217 | 128 | 59 | 151 | 4 | 3 | 599 | 6 | 1 |
| MISSION SUPPORT | 990 | 601 | 61 | 619 | 11 | 2 | 3576 | 31 | 1 |
| BOARD | 1887 | 1196 | 63 | 1796 | 27 | 2 | 5860 | 98 | 2 |

SUMMARY (LINE ONLY)

MINORITY/FEMALE

| MINORITY | IPZ CONS | IPZ SEL | IPZ % SEL | APZ CONS | APZ SEL | APZ % SEL | BPZ CONS | BPZ SEL | BPZ % SEL |
|---|---|---|---|---|---|---|---|---|---|
| BLACK | 140 | 83 | 59 | 120 | 2 | 2 | 469 | 1 | .2 |
| FEMALES | 141 | 96 | 68 | 92 | 1 | 1 | 735 | 9 | 1 |
| HISPANIC | 52 | 30 | 58 | 47 | 1 | 2 | 163 | 5 | 3 |
| OTHER | 33 | 13 | 40 | 25 | 1 | 4 | 121 | 1 | .8 |
| BOARD | 1887 | 1196 | 63 | 1796 | 27 | 2 | 6161 | 102 | 2 |



FOR OFFICIAL USE ONLY

# Atch 5

CENTRAL LIEUTENANT COLONEL BOARD

CY93A

12 OCTOBER 1993

FOR OFFICIAL USE ONLY

# INDEX

PAGE

1 ELIGIBILITY CRITERIA

2 QUOTA COMPUTATIONS

3 BOARD RESULTS (OVERALL)

LINE SUMMARIES

4 AERONAUTICAL RATING

5 MINORITIES/WOMEN

## ELIGIBILITY CRITERIA

DATE OF SEPARATION 10 JAN 94 OR LATER

EXTENDED ACTIVE DUTY DATE OF 12 APR 93 OR EARLIER

### LINE AND MEDICAL SERVICE CORPS (MSC)
### IN-THE-PROMOTION ZONE (IPZ)

DATE OF RANK OF 1 JAN 89 THROUGH 31 JAN 90

### ABOVE-THE-PROMOTION ZONE (APZ)

DATE OF RANK 31 DEC 88 OR EARLIER

### BELOW-THE-PROMOTION ZONE (BPZ)

LINE - DATE OF RANK 1 FEB 90 THROUGH 31 MAY 93

MSC - DATE OF RANK 1 FEB 90 THROUGH 31 DEC 92

### JUDGE ADVOCATE (JAG), BIOMEDICAL SCIENCES CORPS (BSC), AND NURSE CORPS (NC)
### IN-THE-PROMOTION ZONE (IPZ)

DATE OF RANK OF 1 APR 88 THROUGH 31 DEC 88

### ABOVE-THE-PROMOTION ZONE (APZ)

DATE OF RANK OF 31 MAR 88 OR EARLIER

### BELOW-THE-PROMOTION ZONE (BPZ)

JAG - DATE OF RANK 1 JAN 89 THROUGH 31 JUL 92

BSC - DATE OF RANK 1 JAN 89 THROUGH 30 JUN 91

NC - DATE OF RANK 1 JAN 89 THROUGH 31 DEC 91

BOARD SUMMARY

QUOTA COMPUTATION

| | IN-/ABOVE-THE-PROMOTION ZONE (I/APZ) | | | BELOW-THE-PROMOTION ZONE (BPZ) |
|---|---|---|---|---|
| COMPETITIVE CATEGORY | IPZ | % OPPORTUNITY* | TOTAL BOARD QUOTA | MAX CEILING** |
| LINE | 2246 | 70 | 1573 | 118 |
| JUDGE ADVOCATE | 39 | 80 | 32 | 1 |
| MEDICAL SERVICE | 50 | 80 | 40 | 3 |
| BIOMEDICAL SCIENCES | 84 | 70 | 59 | 4 |
| NURSE | 157 | 60 | 95 | 7 |
| TOTAL | 2576 | | 1799 | 133 |

* ESTABLISHED BY POLICY BASED ON CURRENT/PROJECTED FORCE REQUIREMENTS.

** 7.5% OF THE TOTAL BOARD QUOTA FOR LINE, MSC, BSC, NC, AND 3.0% FOR JAG. THESE PROMOTIONS ARE AT THE EXPENSE OF QUOTAS IN- AND ABOVE-THE-PROMOTION ZONE.

BOARD RESULTS (OVERALL)

| COMPETITIVE CATEGORY | CONS | IPZ SEL | % SEL | CONS | APZ SEL | % SEL | CONS | BPZ SEL | % SEL |
|---|---|---|---|---|---|---|---|---|---|
| LINE | 2246 | 1413 | 63 | 1809 | 44 | 2 | 6122 | 116* | 2 |
| JUDGE ADVOCATE | 39 | 29 | 74 | 35 | 3 | 9 | 140 | 0* | 0 |
| MEDICAL SERVICE | 50 | 33 | 66 | 21 | 5 | 24 | 114 | 2* | 2 |
| BIOMEDICAL SCIENCES | 84 | 50 | 60 | 101 | 5 | 5 | 154 | 4 | 3 |
| NURSE | 157 | 80 | 51 | 190 | 10 | 5 | 307 | 5 | 2 |
| TOTAL | 2576 | 1605 | 62 | 2156 | 67 | 3 | 6837 | 127 | 2 |

* ELECTED NOT TO USE THE FULL BELOW-THE-PROMOTION ZONE QUOTA BASED ON A QUALITY ASSESSMENT.



FOR OFFICIAL USE ONLY

## SUMMARY (LINE ONLY)

## AERONAUTICAL RATING

| AERONAUTICAL RATING | CONS | IPZ SEL | % SEL | CONS | APZ SEL | % SEL | CONS | BPZ SEL | BPZ % SEL |
|---|---|---|---|---|---|---|---|---|---|
| RATED | 745 | 497 | 67 | 887 | 13 | 1 | 1676 | 55 | 3 |
| Pilot | 448 | 322 | 72 | 470 | 8 | 2 | 990 | 45 | 5 |
| Navigator | 297 | 175 | 59 | 417 | 5 | 1 | 686 | 10 | 1 |
| NONRATED | 1501 | 916 | 61 | 922 | 31 | 3 | 4446 | 61 | 1 |
| BOARD | 2246 | 1413 | 63 | 1809 | 44 | 2 | 6122 | 116 | 2 |



FOR OFFICIAL USE ONLY

SUMMARY (LINE ONLY)

MINORITY/FEMALE

| MINORITY | CONS | IPZ SEL | % SEL | CONS | APZ SEL | % SEL | CONS | BPZ SEL | % SEL |
|---|---|---|---|---|---|---|---|---|---|
| BLACK | 192 | 127 | 66 | 138 | 6 | 4 | 495 | 12 | 2 |
| OTHER | 109 | 64 | 59 | 96 | 6 | 6 | 347 | 4 | 1 |
| Hispanic | 54 | 36 | 67 | 53 | 3 | 6 | 173 | 1 | 1 |
| FEMALE | 255 | 168 | 66 | 107 | 3 | 3 | 876 | 19 | 2 |
| BOARD | 2246 | 1413 | 63 | 1809 | 44 | 2 | 6122 | 116 | 2 |



FOR OFFICIAL USE ONLY