# Atch 2

SECRETARY OF THE AIR FORCE

MEMORANDUM OF INSTRUCTIONS

TO THE MEMBERS OF THE SPECIAL SELECTION BOARDS

26 SEP 2005

(FOR BOARDS BEFORE 1 JANUARY 2002)

IN ACCORDANCE WITH SECTION 628, TITLE 10, UNITED STATES CODE, YOU ARE APPOINTED AS MEMBERS OF THE SPECIAL SELECTION BOARDS CONVENING 26 SEP 2005. YOU WILL SERVE UNDER OATH AND ARE EXPECTED TO CONSIDER ALL ELIGIBLE OFFICERS WITHOUT PREJUDICE OR PARTIALITY, HAVING IN VIEW THE SPECIAL FITNESS OF THE OFFICERS UNDER CONSIDERATION AND THE EFFICIENCY AND EFFECTIVENESS OF THE UNITED STATES AIR FORCE.

THESE BOARDS ARE BEING CONVENED UNDER THE PROVISIONS OF TITLE 10, UNITED STATES CODE; DOD DIRECTIVES 1320.11, 1320.12 AND 1400.33; DOD INSTRUCTIONS 1320.14 AND 6000.13; AIR FORCE INSTRUCTION 36-2501; AND AIR FORCE POLICY DIRECTIVE 36-25 AND 36-26. THE PURPOSE OF THE BOARDS IS TO CONSIDER OFFICERS OF THE LINE (LAF), MEDICAL SERVICES CORPS (MSC), NURSE CORPS (NC), AND CHAPLAIN (CHAP) CORPS FOR PROMOTION TO THE GRADES OF MAJOR THROUGH COLONEL IN PLACE OF CENTRAL SELECTION BOARDS THAT CONVENED PRIOR TO 1 JANUARY 2002.

FOR SPECIAL SELECTION BOARDS, QUOTAS ARE NOT PROVIDED. SELECTION/NONSELECTION IS DETERMINED BY A COMPARISON OF THE

CONSIDEREE'S RECORD AGAINST THE LOWEST SCORING RECORDS OF OFFICERS SELECTED FOR PROMOTION AND THE HIGHEST SCORING RECORDS OF NONSELECTEES FROM THE ORIGINAL BOARD.

YOU MUST ACT IN THE BEST INTEREST OF THE AIR FORCE AND NOT IN THE INTEREST OF ANY PARTICULAR COMMAND, SPECIALTY, OR GROUP. WHILE YOU ARE HERE, YOU WORK DIRECTLY FOR ME. THESE BOARDS WILL BE CONDUCTED UNDER THE SUPERVISION OF THE BOARD PRESIDENT, WHO IS A NONVOTING MEMBER AND PERFORMS ADMINISTRATIVE DUTIES TO ENSURE THE BOARD IS CONDUCTED IN ACCORDANCE WITH TITLE 10, UNITED STATES CODE; DOD DIRECTIVES AND INSTRUCTIONS; AIR FORCE POLICY DIRECTIVES AND INSTRUCTIONS; AND MY GUIDANCE. THE BOARD PRESIDENT HAS NO AUTHORITY TO DETERMINE ANY MATTER THAT WOULD CONSTRAIN THE BOARD FROM RECOMMENDING FOR PROMOTION THOSE OFFICERS BEST QUALIFIED TO MEET THE NEEDS OF THE AIR FORCE.

YOU WILL USE THE WHOLE-PERSON CONCEPT TO ASSESS SUCH FACTORS AS JOB PERFORMANCE, PROFESSIONAL QUALITIES, LEADERSHIP, DEPTH AND BREADTH OF EXPERIENCE, JOB RESPONSIBILITY, ACADEMIC AND PROFESSIONAL MILITARY EDUCATION (PME), AND SPECIFIC ACHIEVEMENTS. THE OVERRIDING FACTOR MUST BE JOB PERFORMANCE.

YOU MAY BE CONSIDERING OFFICERS RECALLED TO EXTENDED ACTIVE DUTY. SOME RECALLEES HAVE HAD LENGTHY BREAKS IN SERVICE FOR WHICH LITTLE OR NO DOCUMENTATION IS AVAILABLE. THEY WERE RECALLED TO MEET AIR FORCE NEEDS, AND THEY SHOULD NOT BE PENALIZED BECAUSE OF THEIR BREAK IN SERVICE. THE SAME APPLIES TO

OTHER OFFICERS WHO MAY NOT HAVE HAD AS MUCH PERFORMANCE DOCUMENTATION IN THEIR FOLDERS AS DO MOST OF THEIR CONTEMPORARIES.

SELECTION FOLDERS YOU REVIEW MAY INCLUDE OERS RENDERED FROM 1975 THROUGH 1978 WITH A CONTROLLED EVALUATION OF PROMOTION POTENTIAL BY THE REVIEWER. ALTHOUGH MANY OF YOU MAY HAVE PREPARED CONTROLLED OERS, THIS MAY BE YOUR FIRST OPPORTUNITY TO USE THEM IN THE SELECTION PROCESS. REMEMBER, THEY WERE PREPARED UNDER RULES WHICH REQUIRED REVIEWERS THROUGHOUT THE AIR FORCE TO APPLY RATING CONTROLS CONSISTENTLY WITHIN EACH REVIEW GROUP. THIS SINGLE CONTROL CURVE WAS APPLIED WITHOUT REGARD TO QUALITATIVE DIFFERENCES BETWEEN REVIEW GROUPS, THE RATEE'S JOB, UNIT OF ASSIGNMENT, OR LEVEL OF RESPONSIBILITY. ADDITIONALLY, THESE CONTROLLED RATINGS REPRESENTED THE REVIEWER'S ASSESSMENT OF THE INDIVIDUAL'S POTENTIAL RELATIVE ONLY TO OTHERS IN THE SAME GRADE IN THAT REVIEW GROUP DURING THE RATING PERIOD INVOLVED. YOU MUST THOROUGHLY AND OBJECTIVELY ASSESS EACH OF THESE RATINGS WITHIN THE CONTEXT OF THE RULES UNDER WHICH THEY WERE RENDERED AND CAREFULLY CONSIDER THEM IN RELATION TO OTHER OERS AND INFORMATION IN THE SELECTION FOLDER. IN SUMMARY, THE CONTROLLED REPORTS CONSTITUTE ONLY A SMALL PART OF THE OFFICER'S ENTIRE RECORD SO THEY SHOULD NOT NEGATE OR DIMINISH THE IMPORTANCE OF THE OTHER INFORMATION.

COMPLETION OF ADVANCED ACADEMIC EDUCATION AND PME, LIKE OTHER WHOLE PERSON FACTORS, MUST BE ASSESSED IN TERMS OF HOW THEY ENHANCE PERFORMANCE AND POTENTIAL. DO NOT CONSIDER COMPLETION OF AN ADVANCED DEGREE OR PME AS A PASS-FAIL REQUIREMENT. BECAUSE OF THE NEEDS OF THE AIR FORCE, NOT ALL OFFICERS HAVE HAD THE SAME OPPORTUNITY TO ENROLL IN OR COMPLETE ADVANCED DEGREE PROGRAMS OR PME, PARTICULARLY THOSE OFFICERS WITH EXTENSIVE TDY COMMITMENTS AND/OR EXTENSIVE HOME-BASED MISSION REQUIREMENTS.

FOR LAF MAJOR BOARDS AFTER 1 MAR 1996: COMPLETION OF ADVANCED ACADEMIC EDUCATION IS NOT INCLUDED ON THE OFFICER SELECTION BRIEF. HOWEVER, ADVANCED ACADEMIC EDUCATION DATA MAY BE INCLUDED IN OTHER DOCUMENTS IN AN OFFICER'S RECORD, SUCH AS TRAINING REPORTS THAT REFLECT FULL TIME ASSIGNMENTS SUCH AS TO AFIT. THIS INFORMATION SHOULD BE TAKEN IN CONTEXT AND NOT BE GIVEN DISPROPORTIONATE WEIGHT.

IN ADDITION, YOU SHOULD TAKE CARE NOT TO PLACE UNDUE WEIGHT ON THE FACT THAT SOME MSC AND NC OFFICERS MAY NOT HAVE COMPLETED PROFESSIONAL MILITARY EDUCATION BECAUSE THEY ARE EITHER ENROLLED IN OR HAVE RECENTLY COMPLETED FORMAL MEDICAL EDUCATION.

FOR LAF LIEUTENANT COLONEL AND COLONEL BOARDS HELD BETWEEN 1 JULY 1996 AND 1 JANUARY 1998: MANY QUALIFIED NAVIGATORS, BECAUSE OF THEIR SPECIAL BACKGROUND AND SKILLS, HAVE BEEN ASSIGNED TO FILL CRITICAL OPERATIONAL REQUIREMENTS IN UNIT-LEVEL FLYING JOBS. IN ASSESSING THEIR RECORDS, THE BOARD SHOULD CONSIDER THE FACT

THAT THESE OFFICERS, BECAUSE OF THE NEEDS OF THE AIR FORCE, MAY NOT HAVE HAD THE OPPORTUNITY TO COMPETE FOR CAREER-DEVELOPMENT ASSIGNMENTS COMMENSURATE WITH THEIR GRADE AND EXPERIENCE, OR MAY HAVE BEEN REASSIGNED TO A UNIT-LEVEL POSITION THAT WOULD NOT NORMALLY BE COMMENSURATE WITH THEIR GRADE AND EXPERIENCE.

FOR LAF LIEUTENANT COLONEL AND COLONEL BOARDS HELD AFTER 1 JANUARY 1998: MANY QUALIFIED PILOTS AND NAVIGATORS, BECAUSE OF THEIR SPECIAL BACKGROUND AND SKILLS, HAVE BEEN ASSIGNED TO FILL CRITICAL OPERATIONAL REQUIREMENTS IN UNIT-LEVEL FLYING JOBS. IN ASSESSING THEIR RECORDS, THE BOARD SHOULD CONSIDER THE FACT THAT THESE OFFICERS, BECAUSE OF THE NEEDS OF THE AIR FORCE, MAY NOT HAVE HAD THE OPPORTUNITY TO COMPETE FOR CAREER-DEVELOPMENT ASSIGNMENTS COMMENSURATE WITH THEIR GRADE AND EXPERIENCE, OR MAY HAVE BEEN REASSIGNED TO A UNIT-LEVEL POSITION THAT WOULD NOT NORMALLY BE COMMENSURATE WITH THEIR GRADE AND EXPERIENCE.

FOR BOARDS HELD BETWEEN 1 JANUARY 1987 AND 31 DECEMBER 2001: FOR THE LAF COMPETITIVE CATEGORY, JOINT DUTY EXPERIENCE IS AN EXTREMELY IMPORTANT CONSIDERATION FOR PROMOTION. THE LAW REQUIRES THAT THE QUALIFICATIONS OF OFFICERS ASSIGNED TO JOINT DUTY BE SUCH THAT THEY ARE EXPECTED, AS A GROUP, TO BE PROMOTED AT A RATE NOT LESS THAN THE RATE FOR ALL AIR FORCE OFFICERS IN THE SAME GRADE AND COMPETITIVE CATEGORY. IT IS IMPORTANT THAT THESE THREE STATUTORY OBJECTIVES BE MET:

(1) OFFICERS WHO ARE SERVING ON, OR HAVE SERVED ON, THE JOINT STAFF ARE EXPECTED TO BE PROMOTED AT A RATE NOT LESS THAN THE RATE FOR OFFICERS WHO ARE SERVING ON, OR HAVE SERVED ON, THE SERVICE HEADQUARTERS STAFF;

(2) JOINT SPECIALTY OFFICERS ARE EXPECTED TO BE PROMOTED AT A RATE NOT LESS THAN THE RATE FOR OFFICERS WHO ARE SERVING ON, OR HAVE SERVED ON, THE SERVICE HEADQUARTERS STAFF; AND

(3) OFFICERS WHO ARE SERVING IN, OR HAVE SERVED IN, OTHER JOINT DUTY ASSIGNMENTS, ARE EXPECTED TO BE PROMOTED AT A RATE NOT LESS THAN THE AIR FORCE AVERAGE RATE.

YOU WILL BE SCORING THE RECORDS OF HIGHLY SPECIALIZED OFFICERS WHO, BECAUSE OF MISSION REQUIREMENTS, MAY HAVE A NARROW RANGE OF DUTIES WHEN COMPARED TO OTHERS WHO HAVE A BROADER RANGE OF EXPERIENCE. THE AIR FORCE NEEDS OFFICERS WHO ARE HIGHLY SPECIALIZED AS WELL AS OFFICERS WHO ARE GENERALIZED.

YOU WILL CONSIDER THE RECORDS OF SOME MSC AND NC OFFICERS WHO HAVE EITHER RECENTLY COMPLETED, OR ARE CURRENTLY ENROLLED IN SPONSORED GRADUATE EDUCATION PROGRAMS. MSC AND NC OFFICERS ARE SELECTED FOR GRADUATE EDUCATION PROGRAMS THROUGH A COMPETITIVE SELECTION PROCESS IN WHICH PROFESSIONAL EDUCATION AND EXPERIENCE ARE CAREFULLY EVALUATED. THEY ARE SELECTED FOR THESE PROGRAMS BECAUSE THE AIR FORCE HAS A SPECIFIC REQUIREMENT FOR THE EXPERTISE, WHICH THESE PROGRAMS IMPART. YOU SHOULD TAKE CARE NOT

TO PLACE UNDUE WEIGHT ON THE FACT THAT THESE OFFICERS HAVE MULTIPLE TRAINING REPORTS AND/OR FEW OPRS.

THIS PARAGRAPH APPLIES TO MSC AND NC BOARDS HELD AFTER 1 OCTOBER 2001: YOU SHOULD TAKE CARE NOT TO PLACE UNDUE WEIGHT ON THE FACT THAT SOME MSC AND NC OFFICERS HAVE SHORT ACTIVE DUTY HISTORIES BECAUSE THEY ENTERED ACTIVE DUTY WITH CONSTRUCTIVE CREDIT FOR EDUCATION AND/OR CIVILIAN EXPERIENCE.

THE FOLLOWING PARAGRAPH APPLIES ONLY TO LAF LIEUTENANT COLONEL AND COLONEL BOARDS: GIVE CAREFUL CONSIDERATION TO OFFICERS WHO ARE IN THE ACQUISITION CORPS. THE LAW REQUIRES THAT THE QUALIFICATIONS OF OFFICERS ASSIGNED TO THESE DUTIES BE SUCH THAT THOSE OFFICERS ARE EXPECTED, AS A GROUP, TO BE PROMOTED AT A RATE NOT LESS THAN THE AIR FORCE AVERAGE RATE BOTH IN-THE-PROMOTION ZONE AND BELOW-THE-PROMOTION ZONE.

WHEN YOU SEE REPORTS FROM JOINT ACTIVITIES OR FROM ACTIVITIES OUTSIDE OR WITHIN THE AIR FORCE THAT WERE WRITTEN BY SUPERVISORS FROM ANOTHER SERVICE OR BY A CIVILIAN, GIVE THEM THE SAME WEIGHT AS YOU WOULD GIVE IF AN AIR FORCE OFFICER HAD WRITTEN THEM.

FOR OFFICERS IN THE MSC AND NC COMPETITIVE CATEGORIES WHO ARE COMPETING FOR PROMOTION TO THE GRADE OF MAJOR THROUGH LIEUTENANT COLONEL, YOU MUST GIVE CONSIDERATION TO EACH OFFICER'S CLINICAL PROFICIENCY AND SKILL AS A HEALTH PROFESSIONAL TO AT LEAST AS GREAT AN EXTENT AS YOU GIVE TO THAT OFFICER'S

ADMINISTRATIVE AND MANAGEMENT SKILLS. TO MEET THE AIR FORCE'S NEED FOR CLINICALLY PROFICIENT HEALTH PROFESSIONALS, YOU SHOULD GIVE GREATER WEIGHT TO THESE OFFICERS' MEDICAL SKILLS THAN TO OTHER SKILLS.

EQUAL OPPORTUNITY IS AN ESSENTIAL ELEMENT OF OUR SELECTION SYSTEM. YOUR EVALUATION OF ALL OFFICERS MUST CLEARLY AFFORD THEM FAIR AND EQUITABLE CONSIDERATION. PREFERENTIAL TREATMENT OF ANY OFFICER OR GROUP OF OFFICERS IS NOT PERMITTED.

YOU ARE PROHIBITED FROM CONSIDERING AN OFFICER'S MARITAL STATUS OR THE EMPLOYMENT, EDUCATIONAL, OR VOLUNTEER SERVICE ACTIVITIES OF AN OFFICER'S SPOUSE. IF YOU SEE SUCH INFORMATION IN THE RECORDS YOU REVIEW, YOU WILL DISREGARD IT.

GIVE NO WEIGHT, WHATSOEVER, TO AN OFFICER'S AGE.

YOU MAY ALSO SEE PERFORMANCE REPORTS DOCUMENTING THE ACHIEVEMENTS OF OFFICERS INVOLVED IN IMPLEMENTING THE 1989 DEFENSE MANAGEMENT REPORT TO THE PRESIDENT. GIVE SPECIFIC CONSIDERATION TO THESE ACHIEVEMENTS.

YOU MAY SEE THE RECORDS OF OFFICERS WITH NO ENTRY IN THE OFFICER SELECTION BRIEF (OSB) UNDER DATE OF SEPARATION (DOS) OR DOS REASON. THESE OFFICERS HAD, PRIOR TO THE INCEPTION OF STOP LOSS, VOLUNTARILY APPLIED FOR AND RECEIVED APPROVAL TO SEPARATE OR RETIRE. HOWEVER, UNDER THE PROVISIONS OF STOP LOSS, THEY HAVE BEEN RETAINED ON ACTIVE DUTY INDEFINITELY AND ARE ELIGIBLE FOR PROMOTION CONSIDERATION.

IN YOUR FINAL REPORT, YOU MUST IDENTIFY ANY OFFICERS WHOSE RECORDS, IN YOUR OPINION, INDICATE THAT IT MAY BE APPROPRIATE FOR COMMANDERS TO REQUIRE THEM TO SHOW CAUSE FOR RETENTION ON ACTIVE DUTY.

EACH OF YOU (THE PRESIDENT, MEMBERS, RECORDERS, AND ADMINISTRATIVE SUPPORT PERSONNEL) IS RESPONSIBLE TO MAINTAIN THE INTEGRITY AND INDEPENDENCE OF THIS SELECTION BOARD, AND TO FOSTER THE CAREFUL CONSIDERATION, WITHOUT PREJUDICE OR PARTIALITY, OF ALL ELIGIBLE OFFICERS. DOD INSTRUCTION 1320.14 PROVIDES SPECIFIC RULES GOVERNING THE CONDUCT OF OFFICER SELECTION BOARDS AND THE ACTIONS OF SELECTION BOARD PERSONNEL.

YOU MUST PAY PARTICULARLY CLOSE ATTENTION TO THE RULES GOVERNING COMMUNICATIONS WITH AND AMONG OTHER BOARD MEMBERS, THE INFORMATION AUTHORIZED TO BE FURNISHED TO YOU, AND THE PROCEDURES YOU SHOULD FOLLOW IF YOU BELIEVE THAT THE INTEGRITY OF THIS SELECTION BOARD HAS BEEN IMPROPERLY AFFECTED.

YOU MAY NOT RECEIVE, INITIATE, OR PARTICIPATE IN COMMUNICATIONS OR DISCUSSIONS INVOLVING INFORMATION THAT DOD INSTRUCTION 1320.14 PRECLUDES FROM CONSIDERATION BY A SELECTION BOARD. YOU ARE TO BASE YOUR RECOMMENDATIONS ON THE MATERIAL IN EACH OFFICER'S MILITARY RECORD, ANY INFORMATION I HAVE PROVIDED TO THE BOARD IN ACCORDANCE WITH DOD INSTRUCTION 1320.14, AND ANY INFORMATION ABOUT HIS OR HER OWN RECORD COMMUNICATED TO YOU BY INDIVIDUAL ELIGIBLE OFFICERS UNDER DIRECTIVES AND INSTRUCTIONS I

HAVE ISSUED. IN YOUR DELIBERATIONS, YOU MAY DISCUSS YOUR OWN PERSONAL KNOWLEDGE AND EVALUATION OF THE PROFESSIONAL QUALIFICATIONS OF ELIGIBLE OFFICERS TO THE EXTENT THAT SUCH MATTERS ARE NOT PRECLUDED IN LAW, DOD INSTRUCTION 1320.14, OR AN AIR FORCE DIRECTIVE OR INSTRUCTION FROM CONSIDERATION BY A SELECTION BOARD OR INCLUSION IN AN OFFICER'S MILITARY PERSONNEL RECORD. YOU MAY NOT DISCUSS OR DISCLOSE THE OPINION OF ANY PERSON NOT A MEMBER OF THE BOARD CONCERNING AN OFFICER BEING CONSIDERED UNLESS THAT OPINION IS CONTAINED IN MATERIAL PROVIDED TO THE BOARD UNDER THE PROVISIONS OF DOD INSTRUCTION 1320.14.

I AM THE ONLY PERSON WHO MAY APPEAR IN PERSON TO ADDRESS YOU ON ANY MATTER. ALL COMMUNICATIONS WITH THIS BOARD, OTHER THAN THOSE THAT ARE CLEARLY ADMINISTRATIVE, MUST BE IN WRITING, GIVEN TO EACH OF YOU, AND MADE PART OF THE BOARD'S RECORD. I HAVE DESIGNATED IN WRITING THOSE PERSONS AUTHORIZED TO PROVIDE ROUTINE ADMINISTRATIVE INFORMATION TO YOU.

BEFORE THE REPORT OF THE SELECTION BOARD IS SIGNED, THE RECOMMENDATIONS MAY BE DISCLOSED ONLY TO MEMBERS OF THE BOARD, RECORDERS, AND THOSE ADMINISTRATIVE SUPPORT PERSONNEL I HAVE DESIGNATED IN WRITING. AFTER YOU SIGN THE BOARD REPORT, ONLY THE RECOMMENDATIONS OF THE BOARD MAY BE DISCLOSED. EXCEPT AS AUTHORIZED BY DOD INSTRUCTION 1320.14 AND SECTION 616(E) OF TITLE 10, UNITED STATES CODE, THE PROCEEDINGS OF THE BOARD MAY NOT BE DISCLOSED TO ANY PERSON NOT A BOARD MEMBER OR A BOARD RECORDER.

IF AT ANYTIME YOU BELIEVE THAT YOU CANNOT IN GOOD CONSCIENCE PERFORM YOUR DUTIES AS A MEMBER OF THE BOARD WITHOUT PREJUDICE OR PARTIALITY, YOU HAVE A DUTY TO REQUEST RELIEF BY ME FROM THIS DUTY. I WILL HONOR ANY SUCH REQUEST. IF YOU BELIEVE THAT THE INTEGRITY OF THE BOARD'S PROCEEDINGS HAS BEEN AFFECTED BY IMPROPER INFLUENCE OF MILITARY OR CIVILIAN AUTHORITY, MISCONDUCT BY THE BOARD PRESIDENT OR A MEMBER, OR ANY OTHER REASON, YOU HAVE A DUTY TO REQUEST FROM ME OR THE SECRETARY OF DEFENSE RELIEF FROM YOUR OBLIGATION NOT TO DISCLOSE BOARD PROCEEDINGS AND, UPON RECEIVING IT, TO REPORT THE BASIS FOR YOUR BELIEF.

UPON THE COMPLETION OF BOARD DELIBERATIONS, YOU WILL, AS A MINIMUM, CERTIFY IN YOUR REPORT TO ME THAT:

(1) TO THE BEST OF YOUR KNOWLEDGE, THE BOARD COMPLIED WITH DOD INSTRUCTION 1320.14;

(2) YOU WERE NOT SUBJECT TO OR AWARE OF ANY CENSURE, REPRIMAND, OR ADMONISHMENT ABOUT THE RECOMMENDATIONS OF THE BOARD OR THE EXERCISE OF ANY LAWFUL FUNCTION WITHIN THE AUTHORIZED DISCRETION OF THE BOARD;

(3) YOU WERE NOT SUBJECT TO OR AWARE OF ANY ATTEMPT TO COERCE OR INFLUENCE IMPROPERLY ANY ACTION IN THE FORMULATION OF THE BOARD'S RECOMMENDATIONS;

(4) YOU WERE NOT PARTY TO OR AWARE OF ANY ATTEMPT AT UNAUTHORIZED COMMUNICATIONS;

(5) TO THE BEST OF YOUR KNOWLEDGE, THE BOARD CAREFULLY CONSIDERED THE RECORDS OF EACH OFFICER WHOSE NAME WAS FURNISHED TO THE BOARD;

(6) THE OFFICERS RECOMMENDED FOR PROMOTION ARE, IN THE OPINION OF THE MAJORITY OF THE MEMBERS OF THE BOARD, FULLY QUALIFIED AND BEST QUALIFIED TO MEET THE NEEDS OF THE AIR FORCE AMONG THOSE OFFICERS WHOSE NAMES WERE FURNISHED TO THE BOARD.

# Atch 3

# MEMORANDUM OF DECISION
## (Harmless Error Procedure for EO Clause-Related Cases)

This memorandum sets forth the procedures the United States Air Force will use to determine which members may have been harmed by the equal opportunity (EO) clause contained in the Memorandum of Instructions (MOI) used in various Air Force selection boards held between January 1990 and June 1998. It does not apply to members who are covered under *Alvin, Berkley* and *Christensen* litigation. Establishing a procedure to determine which members may have been harmed by the EO clause is a matter that lies preliminarily within the Secretary's informed discretion. As a matter of my sound discretion, I hereby approve the following procedure to be used to determine what, if any, harm a member may have suffered because of the EO clause, whenever the Air Force Board for the Correction of Military Records (AFBCMR) determines that an error or injustice related to the EO clause entitles a member to a special selection board or a special board.

When determined appropriate by the AFBCMR to correct an error or injustice related to the EO clause used between January 1990 and June 1998, or when otherwise directed by the Secretary of the Air Force, the Air Force will conduct a special selection board or special board (as appropriate) to determine if the member was harmed as a result of the EO clause. These boards will be composed and instructed similarly to the original board but use the current Air Force EO clause for selection boards instead of the original EO clause. Each board will use the existing benchmark records, but use a modified selection method by which the member's record need only tie or beat one "select" (successful) benchmark record to be considered selected. The nonselect records will remain before the board for the members for comparison as is required by statute, but are not required to be beaten so as to preclude the effect of any possible taint that may be associated with them. Because of the method in which select benchmark records are identified, it is highly improbable that this theoretical taint extended to every select benchmark record, thus only requiring the record to tie or beat one of the select benchmark records (eliminating the usual requirement that the record beat all "non-select" benchmark records) is a reasonable prerequisite for a record to be considered as selected.

Further, as this process is expected to result in a considerably higher select rate than usual special selection board and special board procedures, any conceivable, theoretical adverse effect that could be related to the use of the original bench marks will necessarily be offset by the considerable benefit afforded to each record considered under this procedure.

[signature]

FEB 19 2004